## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, et al. )<br><br>Plaintiffs, )<br><br>v. )<br><br>**S.M.R. Jewell,** in her official capacity as<br>Secretary of the United States Department<br>of Interior, et al., )<br><br>Defendants, )<br><br>and )<br><br>**Friends of Animals, Inc.**, et al., )<br><br>Defendant-Intervenors. )<br> )<br> ) | Civil No. 1:15-cv-01026-RCL |

### ANSWER

Federal Defendants S.M.R. Jewell, in her official capacity as Secretary of the U.S. Department of the Interior, *et al.*, and Daniel Ashe, Director of the U.S. Fish and Wildlife Service ("FWS") (collectively "Defendants"), by and through their undersigned counsel, hereby answer and assert defenses to the claims and allegations made by Safari Club International ("SCI") and the National Rifle Association ("NRA") (collectively "Plaintiffs") in their Complaint for Declarative and Injunctive Relief (ECF No. 1):[1]

---

[1] Plaintiffs' claims are reviewed pursuant to the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706.  Under the APA, the Court neither sits as an evidentiary fact finder nor resolves alleged disputed facts.  "Under the APA, the agency's role is to resolve factual issues to arrive at a decision that is supported by the administrative record, whereas the district court's function 'is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did.'"  *Hill Dermaceuticals v. FDA*, No. 11-cv-1950 RCL, 2012 WL 5914516, at * 7 (D.D.C. May 18, 2012), aff'd 709 F.3d 44

1.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first part of the first sentence of paragraph 1, and on that basis deny the allegations. With respect to the remaining allegations in the first sentence of paragraph 1, Defendants admit that FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe when it has been able to make the requisite enhancement finding under the Endangered Species Act ("ESA") and all other legal requirements of the ESA and the Convention on International Trade in Endangered Species of Wild Flora and Fauna ("CITES") to allow import of sport-hunted African elephant trophies from Zimbabwe have been met. Defendants deny any allegations in the first sentence of paragraph 1 that are inconsistent with this admission. Because the allegations in the second sentence of paragraph 1 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations. With respect to the allegations in the third sentence of paragraph 1, Defendants admit that FWS is a bureau within the Department of the Interior; that on March 26, 2015, the Management Authority found that it was unable to determine that the killing of African elephants in Zimbabwe on or after January 1, 2015, whose trophies are intended for import would enhance the survival of the species; and that on March 26, 2015, the Management Authority issued a finding titled, "Enhancement Finding for African Elephants Taken as Sport-hunted Trophies in Zimbabwe On or After January 1, 2015," a document that speaks for itself and is the best evidence of its contents. With respect to the allegations in the fourth sentence of paragraph 1, Defendants admit that FWS posted the March

---

(D.C. Cir. 2013) (quoting *Occidental Eng'g Co. v. INS*, 753 F.2d 766, 769-70 (9th Cir. 1985) (in an APA action, "there are no disputed facts that the district court must resolve.")). Thus, the allegations of fact in the Complaint and any responses contained in an answer are not relevant to the judicial review sought in this action. Nonetheless, Federal Defendants herein respond to the numbered paragraphs of the Complaint.

26, 2015, finding on its website. Defendants deny the allegations in the fifth sentence of paragraph 1 and aver that on July 17, 2015, FWS published a notice in the Federal Register titled, "Notice of Continued Suspension of Imports of Zimbabwe Elephant Trophies Taken On or After April 4, 2014," 80 Fed. Reg. 42,524, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 17, 2015, Federal Register document.

2.      The allegations in paragraph 2 are characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.      Defendants deny the allegations in paragraph 3.

4.      The allegations in paragraph 4 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

5.      Defendants deny the allegations in paragraph 5.

6.      The allegations in paragraph 6 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

7.      The allegations in the first sentence of paragraph 7 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 7 are, in part, characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in the second sentence of paragraph 7, and on that basis deny the allegations.

8.      Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8, and on that basis deny the allegations.

9.      The allegations in paragraph 9 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10, and on that basis deny the allegations.

11.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11, and on that basis deny the allegations.

12.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12, and on that basis deny the allegations.

13.     Defendants deny the allegations in the first sentence of paragraph 13. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 13, and on that basis deny the allegations.

14.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first, third, and fourth sentences of paragraph 14, and on that basis deny the allegations. Defendants deny the allegations in the second sentence of paragraph 14.

15.     Defendants deny the allegations in the first sentence of paragraph 15. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 15, and on that basis deny the allegations.

16.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 16, and on that basis deny the allegations. Defendants deny the allegations in the third sentence of paragraph 16.

17.     With respect to the allegations in the first sentence of paragraph 17, Defendants admit that on April 4, 2014, FWS decided that it was unable to make the positive enhancement finding

required under the ESA to allow the import of sport-hunted African elephant trophies from Zimbabwe and that the April 4, 2014, finding applied only to African elephants hunted on or after April 4, 2014. Defendants also admit that on July 17, 2014, (as revised on July 22, 2014) FWS again determined that it was unable to make the positive enhancement finding required under the ESA to allow the import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny any allegations in the first sentence of paragraph 17 that are inconsistent with these admissions. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 17, and on that basis deny the allegations.

18.     The allegations in the first, second, third, and seventh sentences in paragraph 18 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth, fifth, and sixth sentences of paragraph 18, and on that basis deny the allegations.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19, and on that basis deny the allegations.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20, and on that basis deny the allegations.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and on that basis deny the allegations.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis deny the allegations.

23.     Defendants deny the allegations in the first sentence of paragraph 23. Defendants deny the allegations in the first part of the second sentence of paragraph 23. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remainder of the allegations in the second sentence of paragraph 23, and on that basis deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 23, and on that basis deny the allegations.

24.     The allegations in the first, second, third, and sixth sentences of paragraph 24 consist of conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the fourth and fifth sentences of paragraph 24, and on that basis deny the allegations.

25.     With respect to the allegations in the first sentence of paragraph 25, Defendants admit that S.M.R. Jewell is the Secretary of the Interior and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being designated the U.S. Scientific Authority and the U.S. Management Authority under CITES. Defendants deny any allegations in the first sentence of paragraph 25 that are inconsistent with this admission. The allegations in the second sentence in paragraph 25 are a characterization of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

26.     With respect to the allegations in paragraph 26, Defendants admit that the U.S. Department of the Interior is an agency of the federal government and that the Secretary of the Interior is charged with implementing the ESA in regards to certain species as well as being

designated the U.S. Scientific Authority and the U.S. Management Authority under CITES. Defendants deny any allegations in paragraph 26 that are inconsistent with this admission.

27.      Defendants admit the allegations in the first sentence of paragraph 27. With respect to the allegations in the second sentence of paragraph 27, Defendants admit that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority, which include certain measures affecting the importation of sport-hunted African elephant trophies from Zimbabwe. Defendants deny any allegations in the second sentence of paragraph 27 that are inconsistent with this admission. The allegations in the third sentence of paragraph 27 are a characterization of Plaintiffs' case to which no response is necessary. To the extent a response is required, Defendants deny the allegations

28.      With respect to the allegations in paragraph 28, Defendants admit that FWS is a bureau within the U.S. Department of the Interior and that the Director of FWS has been delegated the authority to implement the ESA in regards to certain species and given the authority to carry out the duties of the U.S. Scientific Authority and the U.S. Management Authority. Defendants deny any allegations in paragraph 28 that are inconsistent with this admission.

29.      The allegations in paragraph 29 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

30.      The allegations in paragraph 30 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

31.      The allegations in the first and third sentences of paragraph 31 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 31 purport to characterize

certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

32.     The allegations in the first and second sentences of paragraph 32 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the block quotation of paragraph 32 purport to characterize certain provisions of the African Elephant Conservation Act of 1989 ("AECA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

33.     The allegations in the first sentence of paragraph 33 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 33 purport to characterize certain provisions of the AECA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the AECA.

34.     The allegations in paragraph 34 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

35.     The allegations in paragraph 35 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

36.     The allegations in the first sentence of paragraph 36 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty. With respect to the allegations in the second sentence of paragraph 36,

Defendants admit that a meeting of the CITES Conference of the Parties ("CoP") is held approximately every two to three years to review the implementation of CITES. Defendants admit that at these meetings, among other things, the parties to CITES consider and adopt Resolutions and Decisions to improve the effectiveness of CITES. To the extent that they are inconsistent with this admission and oversimplify the activities of the Parties at the CoP, Defendants deny the remaining allegations in the second sentence of paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     With respect to the allegations in paragraph 38, Defendants admit that in 1997 the parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II. The remaining allegations in paragraph 38 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants further aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

39.     The allegations in paragraph 39 purport to characterize FWS regulations and CITES, regulations and a multilateral international treaty that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations or treaty.

40.     The allegations in paragraph 40 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

41.     The allegations in paragraph 41, in part, purport to characterize CITES and CITES Resolution Conf. 10.3, a multilateral international treaty and a resolution adopted by the parties to CITES and found at https://cites.org/eng/res/index.php, the website maintained by the CITES Secretariat on behalf of the Parties to CITES. The treaty and resolution speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or CITES resolution. The remaining allegations in paragraph 41 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

42.     The allegations in paragraph 42 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.  The allegations in paragraph 42 also purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices.

43.     The allegations in paragraph 43 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

44.     The allegations in the first sentence of paragraph 44 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the

allegations. The remaining allegations in paragraph 44 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

45.     The allegations in paragraph 45 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

46.     The allegations in paragraph 46 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

47.     The allegations in the first and second sentences of paragraph 47 purport to characterize Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents. With respect to the allegations in the third sentence of paragraph 47, Defendants admit that on August 10, 1992, all African elephant populations were included in Appendix I of CITES. Defendants deny any allegations in the third sentence of paragraph 47 that are inconsistent with this admission. The allegations in the fourth sentence of paragraph 47 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the fifth sentence of paragraph 47 purports to characterize a CITES Resolution, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Resolution. The allegations in the block quotation of paragraph 47 purport to characterize a Federal Register document and CITES Resolution Conf. 2.11. Both documents speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or

context of the Federal Register document or the CITES Resolution. The allegations in the sixth sentence of paragraph 47 are conclusions of law to which no response is required and are otherwise denied as vague and conclusory. To the extent a response is required, Defendants deny the allegations.

48.     With respect to the allegations in the first sentence of paragraph 48, Defendants admit that at the Tenth Meeting of the CITES CoP in 1997, the Parties to CITES transferred the African elephant population of Zimbabwe from CITES Appendix I to CITES Appendix II, and aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I. Defendants deny any allegations in the first sentence of paragraph 48 that are inconsistent with this admission. The allegations in the second and fourth sentences of paragraph 48 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. With respect to the allegations in the third sentence of paragraph 48, Defendants admit that at the Ninth Meeting of the CITES CoP in 1994, the Parties to CITES amended Resolution Conf. 2.11. The remaining allegations in the third sentence of paragraph 48 purport to characterize CITES Resolution Conf. 2.11, which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Resolution.

49.     With respect to the allegations in the first part of the first sentence of paragraph 49, Defendants admit that the requirement that FWS make a finding that the killing of the African elephant whose trophy is intended for import would enhance the survival of the species was

included in the August 10, 1992, African elephant final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS find that the killing of the African elephant whose trophy is intended for import would enhance the survival of the species has not changed since the promulgation of the August 10, 1992, final rule. The remaining allegations in the first sentence of paragraph 49 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 49.

50.     The allegations in the first sentence of paragraph 50 purport to characterize Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Federal Register documents. Regarding the allegations in the second sentence of paragraph 50, Defendants admit that on May 12, 1978, FWS published a final rule titled "Listing of the African Elephant as a Threatened Species" that included an ESA section 4(d) Special Rule and that in 1997 the parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I. Defendants deny any allegations in the second sentence of paragraph 50 that are inconsistent with this admission. The allegations in the third sentence of paragraph 50 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

51.     The allegations in the first sentence of paragraph 51 purport to characterize a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of that document. Regarding the allegations in the second sentence of paragraph 51, Defendants admit that on July 2, 1997, FWS found that the killing of African elephants from Zimbabwe whose trophies are intended for import would enhance the survival of the species. The remainder of the allegations in the second sentence of paragraph 51 purport to characterize the July 2, 1997, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 2, 1997, finding. The allegations in the third sentence of paragraph 51 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

52.     Because the allegations in the first sentence of paragraph 52 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations. The allegations in the second sentence of paragraph 52 purport to characterize FWS regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the regulations. The allegations in the remainder of paragraph 52 are conclusions of law or are characterizations of Plaintiffs' case to which no response is required. To the extent a response is required, Defendants deny the allegations.

53.     The allegations in paragraph 53 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

54.     The allegations in paragraph 54 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

55.     The allegations in paragraph 55 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in paragraph 55 purport to characterize certain provisions of the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the APA.

56.     With respect to the allegations in the first sentence of paragraph 56, Defendants admit that African elephants (*Loxodonta africana*) range across approximately 22% of the African continent; that they occur in 37 countries in sub-Saharan Africa; and that their distribution varies across West, Central, Eastern, and Southern Africa. Defendants deny any allegations in the first sentence of paragraph 56 that are inconsistent with this admission. With respect to the allegations in the second sentence of paragraph 56, Defendants admit that the majority of African elephants occur in Southern and Eastern Africa, and that Zimbabwe is a country in these regions. Defendants deny any allegations in the second sentence of paragraph 56 that are inconsistent with this admission.

57.     With respect to the allegations in the first sentence of paragraph 57, Defendants admit that the African elephant is listed as a threatened species under the ESA. The allegations in the second and third sentences of paragraph 57 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and

are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

58.      The allegations in the first and second sentence of paragraph 58 characterize the May 12, 1978, final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978, Federal Register document. With respect to the allegations in the third sentence of paragraph 58, Defendants admit, in part, that on May 12, 1978, FWS published a final rule titled "Listing of the African Elephant as a Threatened Species," 43 Fed. Reg. 20,499, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the May 12, 1978, Federal Register document. The remaining allegations in the third sentence of paragraph 58 purport to characterize FWS regulations, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

59.      The allegations in the first sentence of paragraph 59 purport to characterize the February 20, 1990 final rule titled "Changes in List of Species Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 55 Fed. Reg. 5,847, a Federal Register document that speaks for itself and is the best evidence of its contents.

Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the February 20, 1990 Federal Register document. The allegations in the second sentence of paragraph 59 are, in part, conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The remaining allegations in the second sentence of paragraph 59 purport to characterize CITES, a multilateral international treaty that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty.

60.     The allegations in the first, second, and fourth sentences of paragraph 60 purport to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. The allegations in the third sentence of Paragraph 60 in part, purport to characterize a CITES Resolution which speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Resolution. The remaining allegations in the third sentence of paragraph 60 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

61.     The allegations in paragraph 61 purport to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any

allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document.

62.     The allegations in paragraph 62 characterize FWS regulations that implement CITES at 50 CFR part 23, regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the FWS regulations.

63. With respect to the allegations in the first sentence of paragraph 63, Defendants admit that the U.S. Scientific Authority issued non-detriment advices covering sport-hunted trophies of African elephants lawfully taken on or after January 18, 1990 and originating from South Africa or Zimbabwe. Defendants deny any allegations that are inconsistent with this admission. With respect to the allegations in the second sentence of paragraph 63, Defendants admit that some permits were issued during 1993 and 1994 for importation of sport-hunted African elephant trophies from South Africa and Zimbabwe. Defendants deny any allegations that are inconsistent with this admission.

64.     With respect to the allegations in the first sentence of paragraph 64, Defendants admit that in 1997 the parties to CITES transferred the Zimbabwe population of African elephants from CITES Appendix I to Appendix II. The remaining allegations in the first sentence of paragraph 64 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. The allegations in the second sentence of paragraph 64 purport to characterize the November 12,

1998 Federal Register notice titled "Changes in the List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 63 Fed. Reg. 63,210, and the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents. The allegations in the third sentence of paragraph 64 purport, in part, to characterize CITES and the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, a treaty and Federal Register document that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the treaty or the August 22, 1997, Federal Register document. The remaining allegations in the third sentence of paragraph 64 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

65.     The allegations in paragraph 65 purport to characterize the August 22, 1997, Federal Register notice titled "Changes in List of Species in Appendices to the Convention on International Trade in Endangered Species of Wild Fauna and Flora," 62 Fed. Reg. 44,627, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 22, 1997, Federal Register document.

66.     With respect to the allegations in the first sentence of paragraph 66, Defendants admit that the FWS has authorized the importation of sport-hunted African elephant trophies from

Zimbabwe when it has been able to make positive findings required under the ESA to allow import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny any allegations in the first sentence of paragraph 66 that are inconsistent with this admission. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 66, and on that basis deny the allegations.

67.     Defendants deny the allegations in the first sentence of paragraph 67 and aver that CITES does not require African elephant range countries to establish quotas for African elephant sport-hunted trophies, though many countries commonly use such quotas as a management tool. With respect to the allegations in the second sentence of paragraph 67, Defendants admit that Zimbabwe set a 2014 quota with respect to one type of specimen of African elephants at 1,000 tusks as trophies from 500 animals. Defendants deny any allegations in the second sentence of paragraph 67 that are inconsistent with this admission. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 67, and on that basis deny the allegations. Defendants aver that they have received differing information from Zimbabwe officials regarding the 2015 quota for one type of specimen of African elephant.

68.     The allegations in paragraph 68 purport, in part, to characterize an April 4, 2014, press release, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the press release, and aver that on April 3, 2014, FWS Director Daniel Ashe notified Plaintiff SCI and other interested groups that the FWS was unable to make the positive enhancement finding required under the ESA to allow import of sport-hunted African elephant trophies from

Zimbabwe; that on April 4, 2014, the FWS Management Authority issued a finding that it was unable to determine that the killing of African elephants in Zimbabwe in 2014 whose trophies are intended for import would enhance the survival of the species; that on April 17, 2014, the FWS Management Authority revised the April 4, 2014, finding, primarily to clarify that the finding applied only to African elephants hunted on or after April 4, 2014; and that on May 12, 2014, FWS published a notice in the Federal Register titled "Interim Suspension of Imports of Elephant Trophies From Zimbabwe," 79 Fed. Reg. 26,986.

69.      The allegations in the first sentence of paragraph 69 purport to characterize an April 4, 2014, letter from Timothy J. Van Norman, Chief, Branch of Permits, Division of Management Authority to Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 4, 2014, letter from Timothy J. Van Norman to Director General Chidziya. Defendants deny the allegations in the second sentence of paragraph 69 and aver that FWS staff met with Zimbabwe Parks and Wildlife Management Authority staff during the period between August 22, 1997, and April 4, 2014, where a variety of topics were discussed, including elephants. Defendants deny the allegations in the third sentence of paragraph 69.

70.      With respect to the allegations in paragraph 70, Defendants admit that FWS received a April 17, 2014, cover letter from Mr. Edson Chidziya, Director - General, Zimbabwe Parks and Wildlife Management Authority to Timothy J. Van Norman, Chief, Branch of Permits, Division of Management Authority with an attachment, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the April 17, 2014, letter and attachment from Director -

General Chidziya to Timothy J. Van Norman. Defendants aver that additional attachments referenced in the attachment to the April 17, 2014, letter from Director General Chidziya to Timothy J. Van Norman, Chief, Branch of Permits were not received until May 8, 2014.

71.     With respect to the allegations in the first sentence of paragraph 71, Defendants admit that on July 17, 2014, the Management Authority issued a new finding that it was unable to determine that the killing of African elephants in Zimbabwe on or after April 4, 2014, whose trophies are intended for import would enhance the survival of the species and that on July 23, 2014, FWS posted the Management Authority's July 17, 2014, finding (as revised on July 22, 2014) on its website and issued a press release that was also posted on its website that announced that it was unable to make a positive finding required under the ESA to allow import of African elephant trophies from Zimbabwe. The remainder of the allegations in the first sentence of paragraph 71 purport to characterize the July 17, 2014, finding (as revised on July 22, 2014) or the July 23, 2014, press release, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these documents. The allegations in the second sentence of paragraph 71 purport to characterize the Management Authority's July 17, 2014, finding (as revised on July 22, 2014), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's July 17, 2014, finding (as revised on July 22, 2014).

72.     The allegations in the first sentence of paragraph 72 purport to characterize documents submitted to the FWS by Zimbabwe in December 2014, documents that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of those documents and otherwise deny the

allegations as vague. The allegations in the second sentence of paragraph 72 purport to characterize documents submitted to the FWS "throughout 2014" and "the first few months of 2015," documents that speaks for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of those documents and otherwise deny the allegations as vague.

73. The allegations in the first and second sentences of paragraph 73 purport to characterize the Management Authority's March 26, 2015, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding. Regarding the allegations in the third sentence of paragraph 73, Defendants admit that on March 26, 2015, FWS determined that it was unable to make the positive enhancement finding required under the ESA to allow the import of sport-hunted African elephant trophies from Zimbabwe. Defendants deny any allegations in the third sentence of paragraph 73 that are inconsistent with this admission.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in the first sentence of paragraph 75. The remainder of the allegations in paragraph 75 purport, in part, to characterize the Management Authority's March 26, 2015, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding. Defendants deny the remainder of the allegations in the remainder of paragraph 75.

76. The allegations in the first sentence of paragraph 76 purport to characterize the Management Authority's March 26, 2015, finding, a document that speaks for itself and is the

best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding. With respect to the allegations in the second sentence of paragraph 76, Defendants admit that the FWS has authorized the importation of sport-hunted African elephant trophies from Zimbabwe when it has been able to find that the killing of the animal whose trophy is intended for import would enhance survival of the species. Defendants deny any allegations in the second sentence of paragraph 76 that are inconsistent with this admission. Defendants deny the allegations in the third sentence of paragraph 76.

77.     Defendants deny the allegations in the first and third sentences of paragraph 77. The allegations in the second sentence of paragraph 77 purport to characterize the Management Authority's March 26, 2015, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79, and on that basis deny the allegations. The allegations in paragraph 79 are vague and conclusory and also denied on that basis.

80.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80, and on that basis deny the allegations. The allegations in paragraph 80 are vague and conclusory and also denied on that basis.

81.     Defendants deny the allegations in the first clause of the first sentence of paragraph 81 as vague and conclusory. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 81, and on that basis

deny the allegations. The remaining allegations in paragraph 81 also are vague and conclusory and denied on that basis.

82.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82, and on that basis deny the allegations. The allegations in paragraph 82 are vague and conclusory and also denied on that basis.

83.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first and second sentences of paragraph 83, and on that basis deny the allegations. The allegations in the first and second sentences of paragraph 83 are vague and conclusory and also denied on that basis. The allegations in the third sentence of paragraph 83 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

84.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84, and on that basis deny the allegations. The allegations in paragraph 84 are vague and conclusory and also denied on that basis.

85.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 85, and on that basis deny the allegations. The allegations in paragraph 85 are vague and conclusory and also denied on that basis.

86.     The allegations in the first and second sentences of paragraph 86 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the third sentence of paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     All responses to allegations in the paragraphs above are incorporated herein by reference.

89.     Defendants deny the allegations in paragraph 89.

90.      Defendants deny the allegations in paragraph 90.

91.      Defendants deny the allegations in paragraph 91.

92.      Defendants deny the allegations in the first sentence of paragraph 92. The allegations in the second and third sentences purport to characterize the Management Authority's July 2, 1997, finding; April 4, 2014 (as revised on April 17, 2014) finding; July 17, 2014 (as revised on July 22, 2014) finding; and March 26, 2015, finding, documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these findings.

93.      Defendants deny the allegations in paragraph 93.

94.      Defendants deny the allegations in paragraph 94.

95.      The first sentence of paragraph 95 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 95 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 95.

96.      All responses to allegations in the paragraphs above are incorporated herein by reference.

97.      The allegations in the first sentence of paragraph 97 purport, in part, to characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. Defendants deny the remaining allegations in the first sentence of paragraph 97. The allegations in the second and third sentences of paragraph 97 purport to characterize the Management Authority's March 26, 2015,

26

finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding. Defendants deny the allegations in the fourth sentence of paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.     The first sentence of paragraph 100 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 100 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 100.

101.     All responses to allegations in the paragraphs above are incorporated herein by reference.

102.     Defendants deny the allegations in paragraph 102 as vague and conclusory. This paragraph also contains a characterization of Plaintiffs' case, to which no response is required.

103.     With respect to the allegations in paragraph 103 , Defendants admit that on July 17, 2015, FWS published a notice in the Federal Register titled, "Notice of Continued Suspension of Imports of Zimbabwe Elephant Trophies Taken On or After April 4, 2014," 80 Fed. Reg. 42524, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 17, 2015, Federal Register document. Defendants deny the remaining allegations in paragraph 103.

104.     Defendants deny the allegations in paragraph 104.

105.     Defendants deny the allegations in paragraph 105.

106.    The first sentence of paragraph 106 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 106 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 106.

107.    All responses to allegations in the paragraphs above are incorporated herein by reference.

108.    Defendants deny the allegations in the first and third sentences of paragraph 108. The allegations in the second sentence of paragraph 108 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 108 also purport to characterize the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the statute.

109.    The allegations in the first sentence of paragraph 109, in part, characterize the August 10, 1992, final rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the August 10, 1992, Federal Register document. With respect to the remaining allegations in the first sentence of paragraph 109, Defendants admit that on August 10, 1992, all African elephant populations were included in Appendix I. Defendants deny any allegations in first sentence of paragraph 109 that are inconsistent with this admission. Defendants deny the allegations in the second sentence of paragraph 109. With respect to the allegations in the third sentence of paragraph 109, Defendants admit that the requirement that FWS make a finding that the killing of the African elephant whose trophy is intended for import would enhance the survival of the

species was included in the August 10, 1992, African elephant final special rule titled "Endangered and Threatened Wildlife and Plants; Retention of Threatened Status for the Continental Population of the African Elephant," 57 Fed. Reg. 35,473, and that the requirement that FWS make a finding that the killing of the African elephant whose trophy is intended for import would enhance the survival of the species has not changed since the promulgation of the August 10, 1992, final rule. Defendants deny any allegations in the third sentence of paragraph 109 that are inconsistent with this admission. Defendants deny the allegations in the fourth sentence of paragraph 109.

110.    Defendants deny the allegations in paragraph 110.

111.    The allegations in the first sentence of paragraph 111 purport to characterize the Management Authority's March 26, 2015, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the Management Authority's March 26, 2015, finding. Defendants deny the allegations in the second and third sentences of paragraph 111.

112.    Defendants deny the allegations in paragraph 112.

113.    Defendants deny the allegations in paragraph 113.

114.    The first sentence of paragraph 114 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 114 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 114.

115.    All responses to allegations in the paragraphs above are incorporated herein by reference.

116.    With respect to the allegations in the first sentence of paragraph 116, Defendants admit that the African elephant is listed as a threatened species under the ESA. The allegations in the

second sentence of paragraph 116 purport to characterize the CITES Appendices, provisions of a multilateral international treaty that are available on the official CITES website maintained by the CITES Secretariat on behalf of the Parties at http://www.cites.org/eng/app/appendices.php. The CITES Appendices speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the CITES Appendices. Defendants aver that the African elephant population of Zimbabwe is included in Appendix II for the exclusive purpose of allowing trade in specific annotated elephant specimens, including trade in hunting trophies for non-commercial purposes, and aver further that specimens not specifically included in the annotation are deemed to be specimens of species included in Appendix I.

117. The allegations in paragraph 117 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the ESA.

118. The allegations in paragraph 118 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

119. The allegations in paragraph 119 are vague and conclusory and are denied on that basis.

120. The allegations in the first, second, and fifth sentences of paragraph 120 purport to characterize Federal Register documents that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of these Federal Register documents. Regarding the allegations in the third sentence of paragraph 120, Defendants admit that on May 12, 1978, FWS published a final rule titled "Listing of the African Elephant as a Threatened Species" that included an ESA section 4(d) Special Rule and that in 1997 the parties to CITES transferred the Zimbabwe population of

African elephants from CITES Appendix I to Appendix II. Defendants deny any allegations in the third sentence of paragraph 120 that are inconsistent with this admission. The allegations in the fourth sentence of paragraph 120 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

121.    The allegations in the first sentence of paragraph 51 purport to characterize a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of that document. Regarding the allegations in the second sentence of paragraph 121, Defendants admit that on July 2, 1997, FWS found that the killing of African elephants from Zimbabwe whose trophies are intended for import would enhance the survival of the species. The remainder of the allegations in the second sentence of paragraph 121 purport to characterize the July 2, 1997, finding, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the July 2, 1997, finding. The allegations in the third sentence of paragraph 121 are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

122.    Defendants deny the allegations in the first sentence of paragraph 122. Because the allegations in the second sentence of paragraph 122 are vague and ambiguous, Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny the allegations.  The third sentence of paragraph 122 purports to characterize FWS regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations that are inconsistent with the plain language, meaning, or context of the regulations. The allegations in the fourth, fifth, and sixth sentences of paragraph

122 are conclusions of law or characterizations of Plaintiffs' complaint to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the seventh sentence of paragraph 122.

123.     Defendants deny the allegations in paragraph 123.

124.     Defendants deny the allegations in paragraph 124.

125.     The first sentence of paragraph 125 is effectively a prayer for relief to which no response is required. To the extent the first sentence of paragraph 125 may be deemed to require a response, Defendants deny that plaintiffs are entitled to the relief requested or to any relief whatsoever. Defendants deny the allegations in the second sentence of paragraph 125.

PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint for Declaratory and Injunctive Relief consists of Plaintiffs' Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint for Declaratory and Injunctive Relief or to any relief whatsoever.

GENERAL DENIAL

Defendants deny each and every allegation of Plaintiffs' Complaint for Declaratory and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief remain unanswered, Defendants deny such allegations.

Dated: September 15, 2015                    JOHN C. CRUDEN
                                             Assistant Attorney General
                                             Environment and Natural Resources Division
                                             SETH M. BARSKY, Chief
                                             KRISTEN L. GUSTAFSON, Assistant Chief

                                               _/s/  Meredith L. Flax_____
                                             MEREDITH L. FLAX, Senior Trial Attorney

(D.C. Bar No. 468016)
ANDREA GELATT, Trial Attorney
(Cal. Bar. No. 262617)
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-0404 | (202) 305-0275 (fax)
meredith.flax@usdoj.gov