IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Safari Club International**, *et al.*, <br><br>Plaintiffs,<br><br>v.<br><br>**S.M.R. Jewell**, in her official capacity as Secretary of the United States Department of Interior, *et al.*,<br><br>Defendants,<br><br>and<br><br>**Friends of Animals, Inc.**, *et al.*,<br><br>Defendant-Intervenors. | Case No. 1:15-cv-01026-RCL<br><br>**AMENDED STIPULATED PROTECTIVE ORDER** |

1. PURPOSES AND LIMITATIONS

The administrative record for this action includes six sensitive documents for which the Federal Defendants believe special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Amended Stipulated Protective Order. The parties further acknowledge, as set forth in Section 8.3, below, that this Stipulated Protective Order does not entitle them to file the six sensitive documents under seal. Should it become necessary to provide copies of any of the documents to the Court, the party seeking to file the document(s) will file a motion to file the document(s) under seal. Any Party that seeks to reference any of the documents, as explained in Section 3, in a brief or other filing may file a motion to file the brief or other filing referencing the document(s) under seal or seek the Federal

Defendants' view whether the brief or other filing needs to be filed under seal, pursuant to Section 8.3.

2. <u>DEFINITIONS</u>

    2.1   <u>Plaintiffs</u>: Safari Club International and National Rifle Association of America, as separate and distinct corporate entities.

    2.2   <u>Defendant-Intervenors</u>: Friends of Animals and Zimbabwe Conservation Task Force.

    2.3   <u>Party</u>: any party to this action, including its officers, directors, and employees.

    2.4   <u>Counsel of Record</u>: Attorneys that have entered an appearance in this action, including the signatories below.

    2.5   <u>Protected Material</u>: Six documents (AR 253, AR 291, AR 312, AR 313, AR 317, and AR 318 (*see* ECF No. 23-1)) that will be provided to counsel of record for Plaintiffs and Defendant-Intervenors.

3. <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Plaintiffs, Defendant-Intervenors, or their Counsel that might reveal Protected Material.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Federal Defendants agree otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. ACCESS TO AND USE OF PROTECTED MATERIAL

    5.1 Basic Principles. Plaintiffs and Defendant-Intervenors may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a recipient of Protected Material must comply with the provisions of section 9 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by Counsel of Record for each Plaintiff and Defendant-Intervenors at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    5.2 Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Federal Defendants, Protected Material only may be disclosed to Counsel of Record for Plaintiffs and Defendant-Intervenors in this action, one key member of the leadership of Plaintiff organizations, and employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Addendums to the stipulation may be agreed upon in the event that disclosures to additional members of Plaintiff organizations become necessary.

    5.3 Obligations of Plaintiffs' and Defendant-Intervenors' Counsel. Counsel of Record for Plaintiffs and Defendant-Intervenors shall be responsible for obtaining all completed

3

"Acknowledgment and Agreement to Be Bound" (Exhibit A) agreements required by this Protective Order in advance of any disclosure that may be permitted hereunder, and also for maintaining in safekeeping all original Acknowledgments.

6. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If any Party that has obtained Protected Material is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material, the impacted Plaintiff or Defendant-Intervenors must:

(a) promptly notify Federal Defendants in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by Federal Defendants whose Protected Material may be affected.

If Federal Defendants timely seek a protective order, the Party served with the subpoena or court order shall not produce Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained Federal Defendants' permission. Federal Defendants shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging Plaintiffs and Defendant-Intervenors in this action to disobey a lawful directive from another court.

4

7.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If Counsel of Record for either Plaintiff or Defendant-Intervenors learn that, by inadvertence or otherwise, there has been a disclosure of Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Counsel of Record must immediately (a) notify in writing Federal Defendants of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Federal Defendants reserve the right to pursue sanctions for violation of this protective order from such disclosure if warranted.

8.  MISCELLANEOUS

8.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.2  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

8.3  Filing Protected Material. Without written permission from Federal Defendants that the filing of the Protected Material or any brief or other filing referencing the Protected Material need not be under seal, or a Court order allowing the filing under seal, secured after appropriate notice to all interested persons, Plaintiffs and Defendant-Intervenors may not file in the public record in this action any Protected Material. If any Party seeks to reference Protected

Material (as explained in Section 3) in a brief or other filing, it may either (1) file a motion to file the brief or other filing referencing the document(s) under seal, or (2) first provide appropriate notice to Counsel of Record for all parties to allow counsel for Federal Defendants to evaluate whether the brief or other filing must be placed under seal. If the Federal Defendants determine the filing should be under seal, the party wishing to file the brief or other filing will file a motion seeking to file the brief or other filing under seal.

8.4     Federal Defendants shall deliver the Protected Material to one Counsel of Record for each Plaintiff and Defendant-Intervenors. Within five days of the finalization of this Stipulation, each Plaintiff and Defendant-Intervenor shall designate the one Counsel of Record to receive the Protected Materials and the format of the Protected Materials (*e.g.*, paper copy, flash drive, compact disk). The Federal Defendants shall deliver the Protected Materials by hand-delivery or other agreed upon delivery method.

9.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, Counsel of Record for each Plaintiff and Defendant-Intervenors must return all Protected Material to Federal Defendants or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Counsel of Record for each Plaintiff and Defendant-Intervenors must submit a written certification to Federal Defendants by the 60 day deadline that (1) attests that all the Protected Material was returned or destroyed and (2) affirms that Counsel of Record for Plaintiffs and Defendant-Intervenors and any of their employees that has signed the Acknowledgement and Agreement to be Bound have not retained any copies, abstracts,

compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, hearing transcripts, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 13, 2015

JOHN C. CRUDEN,
Assistant Attorney General
SETH M. BARSKY, Chief
KRISTEN L. GUSTAFSON, Assistant Chief

_/s/ Meredith L. Flax_
MEREDITH L. FLAX, Senior Trial Attorney
(D.C. Bar No. 468016)
ANDREA GELATT, Trial Attorney
(Cal. Bar. No. 262617)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0404
Fax: (202) 305-0275
meredith.flax@usdoj.gov

**Counsel for Federal Defendants**

_/s/ Douglas Burdin (by permission to MLF)_
Anna Seidman
Douglas Burdin
Jeremy Clare
Safari Club International
501 Second Street, NE

Washington, D.C. 20002
Phone: (202) 543-8733
Fax: (202) 543-1205
aseidman@safariclub.org

***Counsel for Plaintiff Safari Club International***

  /s/ Christopher Conte (by permission to MLF)
Christopher Conte
National Rifle Association of America
11250 Waples Mill Road, Floor 5N
Fairfax, VA 22030
Phone: (703) 267-1166
Fax: (703) 267-1164
cconte@nrahq.org

***Counsel for Plaintiff National Rifle Association***

  /s/ Michael Harris (by permission to MLF)
Michael Harris
Friends of Animals
7500 E. Arapahoe Road, Suite 385
Centennial, CO 80112
Phone: (720) 949-7791
michaelharris@friendsofanimals.org

***Counsel for Defendant-Intervenors Friends of Animals and Zimbabwe Conservation Task Force***

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATE: 11/24/15

Royce C. Lamberth
ROYCE C. LAMBERTH
United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Columbia on _____ [date] in the case of Safari Club International, et al. v. Jewell, 1:15-cv-1026-RCL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

_____

[print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]

Signature: _____